1  ROGER L. GRANDGENETT II, ESQ., Bar # 6323
2  DUSTIN L. CLARK, ESQ., Bar # 10548
   MARCUS B. SMITH, ESQ., Bar # 12098
3  LITTLER MENDELSON, P.C.
   3960 Howard Hughes Parkway
4  Suite 300
   Las Vegas, NV  89169-5937
5  Telephone:     702.862.8800
   Fax No.:        702.862.8811
6
7  Attorneys for Defendant

8

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11

12  NEDRA WILSON,

13                    Plaintiff,              Case No. 2:14-cv-00362-GMN-NJK

14         v.                                 **DEFENDANT'S MOTION TO DISMISS**

15  GREATER LAS VEGAS ASSOCIATION
    OF REALTORS, a Nevada non-profit
16  cooperative corporation,

17                    Defendant.

18         Defendant Greater Las Vegas Association of Realtors (the "Association"), by and through its

19  counsel, Littler Mendelson, P.C., hereby files this Motion to Dismiss pursuant to Rule 12(b)(6) of

20  the Federal Rules of Civil Procedures.   This Motion is made and based upon the attached

21  Memorandum of Points and Authorities, all other pleadings on file with the Court in this matter, and

22  any oral argument permitted or requested by the Court.

23              **MEMORANDUM OF POINTS AND AUTHORITIES**

24  **I.     INTRODUCTION**

25         This is an employment dispute.  Plaintiff, an African American, alleges the Association

26  discriminated against her because of her race by discharging her for making an accounting error that

27  substantially increased the Association's tax liability.  Instead of accepting responsibility for this

28

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702 862 8800

1    error as the former Chief Financial Officer ("CFO") for the Association, Plaintiff now blames the
2    error on the subordinate who allegedly "provided" the information that led to the error. Plaintiff
3    alleges the Association discriminated against her because it did not also discharge the subordinate
4    (who is not African American). This allegation, however, is completely meritless because the
5    subordinate is not "similarly situated" to Plaintiff, a key requirement to any discrimination claim.
6    Recognizing this fatal deficiency, Plaintiff adopts a tactic that is well-known to the Court and the
7    Association: she attempts to create an appearance of impropriety by asserting a plethora of
8    unfounded allegations regarding the misconduct of various non-African American employees who
9    were not discharged for their conduct. These allegations, however, are not helpful to Plaintiff's case
10   because the alleged misconduct involves circumstances and individuals entirely unrelated, in every
11   possible respect, to the events giving rise to this case. Therefore, Plaintiff's Complaint falls far short
12   of adequately pleading a valid claim of race discrimination. Plaintiff's common law claims also fail
13   for a variety of reasons as discussed below. Therefore, in sum, Plaintiff's Complaint is nothing more
14   than a hodge-podge of various throw-away claims that cannot pass muster under Rule 12(b)(6).

15   **II.    PLAINTIFF'S FACTUAL ALLEGATIONS**

16          Plaintiff was hired by the Association in July 2007 as the CFO, the position she held until her
17   discharge in May 2013 for making a significant accounting error. Compl. ¶¶ 13-15. Plaintiff alleges
18   a subordinate "provided" the erroneous information that led to the accounting error, and that the
19   subordinate, who is not African American, was not discharged. *Id.* at ¶ 16(d). Plaintiff alleges,
20   therefore, that she was subjected to different terms and conditions of employment than her
21   subordinate. *Id.* at ¶ 16(b). Plaintiff also alleges various non-African American employees were
22   also not discharged for a variety of alleged misconduct. *Id.* at ¶¶ 18-22. In sum, Plaintiff claims that
23   the Association has a pattern and practice of discriminating against African Americans. This claim
24   is meritless.

25          On March 10, 2014, after purportedly exhausting her administrative remedies, Plaintiff
26   commenced this action asserting the following seven causes of action: (1) race discrimination in
27   violation of 42 U.S.C. § 2000e-2(a) ("Title VII"); (2) race discrimination in violation of NRS
28   613.330(1); (3) race discrimination in violation of 42 U.S.C. § 1981; (4) negligent hiring, retention,

LITTLER MENDELSON, P.C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.

1    and supervision; (5) intentional infliction of emotional distress ("IIED"); (6) wrongful interference
2    with prospective economic advantage; and (7) bad faith and tortious discharge in violation of
3    Nevada public policy. For the reasons discussed below, the Association now seeks dismissal of the
4    Plaintiff's Complaint *in its entirety*.

5    **III.    STANDARD OF REVIEW**

6           A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
7    be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain
8    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*
9    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 demands "more than labels and
10   conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at
11   555. "Factual allegations must be enough to rise above the speculative level." *Id.* Thus, to survive
12   a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that
13   is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted).

14          In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to
15   apply when considering motions to dismiss. First, a district court must accept as true all well-pled
16   factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of
17   truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory
18   statements, do not suffice. *Id.* at 1949. Second, a district court must consider whether the factual
19   allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially
20   plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable
21   inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint
22   does not permit the court to infer more than the mere possibility of misconduct, the complaint has
23   "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks
24   omitted). When the claims in a complaint have not crossed the line from conceivable to plausible,
25   plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

26   / / /
27   / / /
28   / / /

LITTLER MENDELSON, P C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169 5937
702 862 8800

3.

1    IV.    **ARGUMENT**

2          A.    **Plaintiff's Discrimination Claims (Her First, Second, and Third Claims for Relief) Fail Because Plaintiff Does Not Adequately Allege Similarly Situated Employees Outside Her Protected Class Were Treated More Favorably Than Her**

5          Plaintiff's First, Second, and Third claims allege the Association discriminated against Plaintiff because of her race.[1] In order to prevail on any of these claims, Plaintiff must demonstrate, among other things, that similarly-situated individuals outside her protected class were treated more favorably. *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir. 2002); *Manatt v. Bank of America, NA*, 339 F.3d 792, 797-98 (9th Cir. 2003) (applying Title VII elements to a claim brought under § 1981); *Apeceche v. White Pine County*, 615 P.2d 975, 977 (Nev. 1980) (applying Title VII elements to a claim brought under NRS 613.330(1)). To adequately plead this requirement, Plaintiff must allege other employees outside her protected class were similarly situated "in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Merely alleging "some similarities" is insufficient. *Id.* As the Ninth Circuit has stated, "individuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003).

17          Plaintiff's Complaint is entirely devoid of any allegation that "similarly situated" employees outside her protected class were treated more favorably. Plaintiff alleges a subordinate was responsible for the accounting error that resulted in Plaintiff's discharge, and that this subordinate, not an African American, was not discharged. Compl. at ¶ 16(d). However, this allegation fails as a matter of law to satisfy the "similarly situated" requirement because "[e]mployees in supervisory positions are generally deemed not to be similarly situated to lower level employees." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). In other words, because Plaintiff, as a former CFO of the Association, Compl., at ¶ 15, was in a position of "much greater responsibility" than the subordinate in question, *id.*, she is not similarly situated to the subordinate. The only other

---

[1]        Her first claim is alleges race discrimination in violation of Title VII, her second claim alleges race discrimination in violation of NRS 613.330(1), and her third claim alleges race discrimination in violation of 42 U.S.C. § 1981.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas NV 89169 5937
702 862 8800

4.

allegation Plaintiff makes is that various other non-African American employees engaged in misconduct but were not discharged by the Association. *Id.* at ¶¶ 18-22. However, Plaintiff does not specifically allege these employees are similarly situated, and close examination of the allegations regarding these employees reveals they did not have "similar jobs" or "did not engage in problematic conduct of comparable seriousness."[2] *Vasquez*, 349 F.3d at 641. As such, Plaintiff has not adequately pled that *similarly situated* employees outside her protected class were treated more favorably. In sum, therefore, Plaintiff cannot state a valid claim for race discrimination and her First, Second, and Third claims should be dismissed.

**B. Plaintiff's Negligent Hiring Claim (Her Fourth Claim for Relief) Fails Because Plaintiff Does Not Allege Defendant Knew Or Should Have Known That The Employees In Question Had Dangerous Propensities**

In order to state a valid claim for negligent hiring, Plaintiff must adequately allege, among other things, that the Association hired an employee even though it knew, or should have known, of the employee's dangerous propensities. *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996). This tort imposes a general duty on the Association to conduct a reasonable background check on a potential employee. *Id.* Plaintiff's allegations fail to state a valid claim for negligent hiring and demonstrate Plaintiff's fundamental misunderstanding of the nature of this claim.

Plaintiff alleges Irene Vogel, Nelson Janes, Dale Henson, Michael DellaCamera, and Krista Baker harassed Plaintiff and subjected her to disparate terms and conditions of employment. Compl. at ¶ 45. Plaintiff also alleges the Association "knew or should have known of the above actions undertaken by the aforementioned members of upper GLVAR management." *Id.* at ¶ 46. These allegations are far from sufficient to state a valid claim for negligent hiring. The mere fact that the Association hired employees that allegedly engaged in harassment and discrimination *after* they were hired does not automatically result in liability for negligent hiring. *Hall*, 930 P.2d at 98. Rather, Plaintiff must also allege that the Association hired these employees even though it knew or should have known *at the time they were hired* that these employees had a dangerous propensity to harass and/or discriminate. *Hall*, 930 P.2d at 98. However, Plaintiff's Complaint is entirely devoid

---

[2] For example, she alleges the Associations IT Director stole computers owned by the Association and gave them to family. Compl. at ¶ 20.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

5.

1   of any such allegation.  Indeed, the Complaint contains absolutely no factual allegations regarding

2   the hiring of these employees.  No allegation, for example, that the Association did not conduct a

3   background check or that a background check, if conducted, would reveal that these employees

4   previously engaged in harassing or discriminatory conduct.  There is also no allegation that the

5   Association failed to obtain an employment history or references from prior employers.

6          The only other allegation Plaintiff makes is that the Association "fail[ed] to hire

7   appropriately qualified individuals for [the] positions" occupied by these employees.  Compl. at ¶

8   47.  However, again, the negligent hiring claim does not require the Association to hire qualified

9   individuals; it requires the Association to conduct a reasonable background check on applicants

10  (whether or not qualified) and refuse to hire any applicant with dangerous propensities.  *Hall*, 930

11  P.2d at 98 (hiring of a bouncer known to have violent propensities).  Therefore, this throw-away

12  claim must be dismissed under Rule 12(b)(6) for failure to state a valid claim for relief.

13  **C.    Plaintiff's Negligent Retention and Supervision Claim (Her Fourth Claim for
14         Relief) Fails Because Such Claims Are Limited to Actions by a Third-Party Non-
       Employee**

15         Plaintiff's Complaint also demonstrates a fundamental misunderstanding of the nature of the

16  claim for negligent retention and supervision.  In Nevada, such claims are intended only to protect

17  *third parties* from dangerous employees acting outside the scope of their employment.  *Reyes v.*

18  *Southwest Gas Corp.*, No. 2:07-cv-00068-BES-LRL, 2007 U.S. Dist. LEXIS 57421, at *9 (D. Nev.

19  Aug. 3, 2007).  Indeed, the seminal Nevada case addressing this claim involves allegations that an

20  employer's purported negligent supervision and retention of an employee resulted in a *third party*

21  being injured by the employee.  *Hall*, 930 P.2d at 99, citing 27 Am.Jur.2d Employment Relationship

22  at 475-76 (1996); *see also Rockwell v. Sue Harbor Budget Suites*, 112 Nev. 1217, 925 P.2d 1175

23  (1996) (negligent hiring, training and supervision claim based upon tenant killed by security guard).

24  Therefore, Plaintiff's claim fails as a matter of law because Plaintiff is not a third-party non-

25  employee.  Indeed, Plaintiff alleges that, *during her employment with the Association*, several

26  Association employees harassed her and subjected her to disparate terms and conditions of

27  *employment*.  Compl. at ¶ 13, 45.  Accordingly, this claim fails on its face.

28

LITTLER MENDELSON, P C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

6.

1    Moreover, Plaintiff's Complaint does not allege the Association's employees acted outside
2    the course and scope of their employment. The U.S. District Court for the District of Minnesota held
3    in *Leidig v. Honeywell, Inc.*, 850 F. Supp. 796, 806-807 (D. Minn. 1994), that the tort of negligent
4    retention was not applicable where the alleged harmful acts were within the course of employment.
5    In fact, liability for negligent retention is generally claimed only when an employee's actions clearly
6    fall outside the scope of the employment relationship. *Id.* at 807. The Court in *Leidig* found that

7           [A]fter an exhaustive search of the case law, in this jurisdiction and elsewhere,
8           we have failed to uncover any decision in which the doctrine of negligent hiring
            or retention has been applied to conduct which arises within the course and
9           scope of an employment relationship. This lack of precedential authority is not
            surprising, given the fact that the *raison d'etre* for the negligent hiring and
10          retention doctrines was the unavailability of a recovery for conduct which was
11          actionable under traditional principles of vicarious liability.

12   *Id.* at 807.

13          Here, the Complaint alleges the Association's employees caused Plaintiff's injuries while
14   acting within the course of their employment, not by dangerous behavior outside the scope of their
15   employment. *See e.g.*, Compl. ¶¶ 16(a)-(c), 45. In this regard, a negligent retention and supervision
16   claim is simply not applicable here. *Leidig*, 850 F. Supp. at 806-807; *Di Cosala v. Kay*, 450 A.2d
17   508, 515 (N.J. 1982). Accordingly, for all the reasons stated above, Plaintiff's fourth claim for relief
18   warrants dismissal.

19          **D.    Plaintiff's IIED Claim (Her Fifth Cause of Action) Fails Because Plaintiff Fails
20                  To Allege An Objectively Verifiable Indicia of the Alleged Distress and Because
                    Employment Decisions Do Not Constitute Extreme and Outrageous Conduct**

21          Plaintiff's IIED claim falls woefully short of stating a valid claim for relief. In order to state
22   a valid IIED claim, Plaintiff must adequately allege, among other things, "severe or extreme
23   emotional distress," which, in Nevada, requires Plaintiff to allege some "objectively verifiable
24   indicia of the severity of [the] distress," such as plaintiff's seeking medical or psychiatric assistance.
25   *Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998). Plaintiff clearly has not satisfied this pleading
26   requirement.   Indeed, while Plaintiff alleges, in highly conclusory terms, that she "suffered
27   emotional distress and mental anguish," Compl. ¶ 27, and that this purported distress was

28

LITTLER MENDELSON, P C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas NV 89169 5937
702 862 8800

7.

1   "manifested in a number of different ways," *id.* at ¶ 56, the only allegation even remotely related to

2   an objectively verifiable indicia of the severity of the alleged distress is the vague allegation that

3   Plaintiff "was place on high blood pressure medication for the first time in her life," *id.* at ¶ 56. Yet,

4   she only vaguely attributes this medication to her alleged distress and does not explicitly allege she

5   sought medical or psychiatric for the distress. Accordingly, this claim fails because Plaintiff does

6   not adequately allege severe or extreme emotional distress.

7          Moreover, Plaintiff's IIED claim also fails because personnel management decisions and

8   activity "is insufficient to support a claim of intentional infliction of emotional distress, even if

9   improper motivation is alleged." *Welder v. Univ. of Southern Nevada*, 833 F. Supp. 2d 1240, 1245

10  (D. Nev. 2011) (quotation omitted). Management decisions consist "of such actions as hiring and

11  firing, project assignments, promotion and demotions, performance evaluations and other similar

12  acts." *Id.* Indeed, in the recent opinion in *Garity v. APWU Nat'l Local 7156*, No. 2:11-cv-01109-

13  PMP-CWH, 2012 U.S. Dist. LEXIS 83760, at *30 (D. Nev., June 18, 2012), the Court held that

14  while management decisions may be "offensive, inconsiderate, and unkind," these acts "do not rise

15  to the level of extreme and outrageous such that they exceed all bounds of decency." Here, Plaintiff

16  alleges the Association discharged her under circumstances that did not result in discharge for

17  Caucasian employees. Compl., at ¶ 16(d)-(e). Plaintiff also alleges the Association negligently

18  retained various Association employees that were the source of Plaintiff's alleged injuries. *Id.* at ¶

19  45. As noted above, however, these are precisely the type of employment decisions that courts have

20  held do not rise to the level of extreme and outrageous conduct. *Garity*, 2012 U.S. Dist. LEXIS

21  83760, at *30. Therefore, this claim also fails as a matter of law and must be dismissed for the

22  reasons stated above.

23          **E.    Plaintiff's Wrongful Interference Claim (Her Sixth Cause of Action) Fails**
24                 **Because Plaintiff Fails To Allege Defendant Had Knowledge Plaintiff Was**
                   **Seeking Subsequent Employment**

25          To establish a claim of wrongful interference with a prospective economic advantage, a

26  plaintiff must show (1) a prospective contractual relationship between the plaintiff and a third party;

27  (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by

28

LITTLER MENDELSON, P.C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

8.

1    preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5)

2    actual harm to the plaintiff as a result of the defendant's conduct. *Hodges v. Greenspun Media*

3    *Group, LLC*, No. 2:12-cv-01337-JCM-PAL, 2014 U.S. Dist. LEXIS 26053, at *20 (D. Nev. Feb. 28,

4    2014).

5    Plaintiff alleges the Association discharged her "under circumstances that require the

6    republication of a false, unsupported reason for [Plaintiff's] termination." Compl. at ¶ 62. This is an

7    odd allegation given the fact that republication is not an element to a claim for wrongful

8    interference.[3]  The mere fact that Plaintiff purportedly had to republish a false reason for her

9    termination does not automatically mean the Association intended to harm Plaintiff's prospective

10   employment opportunities.    Accordingly, this allegation is entirely irrelevant to this claim.

11   Plaintiff also alleges the Association interfered with potential relationships with future employers by

12   providing a false reason for her termination, when it truly dismissed her due to her race. *Id.* ¶¶ 61-

13   64. Plaintiff fails to allege, however, that the Association had any knowledge whether or where she

14   was seeking subsequent employment. Accordingly, Plaintiff fails to allege sufficient facts to support

15   the second and third elements above, and dismissal is warranted.

16
17       **F.    Plaintiff's Tortious Discharge Claim (Her Seventh Cause of Action) Fails
             Because Plaintiff Does Not Identify A Public Policy Recognized By The Nevada
             Supreme Court As Actionable For Such Claims**

18   "An employer commits a tortious discharge by terminating an employee for reasons that

19   violate public policy." *Allum v. Valley Bank of Nevada*, 114 Nev. 1313, 1316 (1998). The Nevada

20   Supreme Court has only recognized the following four public-policy reasons as actionable:

21   (1) termination in retaliation for filing a workers' compensation claim, *Hansen v. Harrah's*, 675

22   P.2d 394, 397 (1984); (2) termination following a refusal to work in unreasonably dangerous

23   conditions, *D'Angelo v. Gardner*, 819 P.2d 206, 216 (1991); (3) termination arising from

24   whistleblowing activities, *Wiltsie v. Baby Grand Corp.*, 774 P.2d 432, 433 (1989); and (4)

25

26   _____
     [3]     Republication is a theory of recovery for defamation. However, Plaintiff asserts no such
27   claim in this case. Moreover, even assuming, *arguendo*, that Plaintiff intended to assert such a
     claim, the claim necessarily fails because Nevada has not adopted the republication theory for
28   defamation claims.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

9.

1    termination for refusing to participate in illegal activities, *Allum*, 970 P.2d at 1067-68.

2            Plaintiff's allegations do not qualify for any of the recognized public policies. First, there is

3    no suggestion in the Complaint that Plaintiff was fired for filing a workers' compensation claim or

4    because she refused to work in a physically dangerous environment. Thus, *Hansen* and *D'Angelo* do

5    not apply. Second, the allegations in the Complaint do not meet the requirements for a legally-viable

6    whistleblower claim. Such a claim requires the employee to allege that she was terminated because

7    she reported illegal or unsafe activity to the "appropriate authorities." *Wiltsie*, 774 P.2d at 433.

8    Internal complaints to management or the employee's boss simply do not suffice to establish a

9    whistleblower claim. *Id*. Plaintiff does not allege in her Complaint that she was terminated because

10   she reported illegal or unsafe activities to the appropriate authorities. She merely alleges that she

11   "objected" to the Association's purported unlawful practices. *See e.g.*, Compl., at ¶ 72. However,

12   mere objection to company policies is not sufficient to support a wrongful termination claim.

13   *Bigelow v. Bullard*, 901 P.2d 630, 634 (Nev. 1995). Therefore, Plaintiff's allegations do not fall

14   within any of the recognized public policies.

15           Contrary to Plaintiff's belief, there is no public policy exception for purportedly objecting to

16   the management of a "non-profit cooperative corporation[]." Compl. ¶ 76. Accordingly, Plaintiff is

17   asking the Court to create a new public-policy exception to the Nevada state at-will employment

18   doctrine. In addition, she makes no showing in her Complaint that disagreeing with how a "non-

19   profit cooperative corporation[]" is managed implicates the type of "strong and compelling public

20   policy" that is deserving of the "rare and exceptional" decision to create a brand-new exception to

21   the at-will employment doctrine. *Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 791 (2009). Because

22   Plaintiff neither demonstrates that her claim fits within any existing public-policy exception nor

23   provides convincing grounds for a new exception, her tortious discharge claim should be dismissed.

24       **G.    Plaintiff's State Law Claims Are Barred By The NIIA's Exclusive Remedy
                 Provision**

25
         The Fourth through Seventh claims of Plaintiff's complaint should be dismissed for the
26
     separate and additional reason that the Nevada Industrial Insurance Act ("NIIA") provides the sole
27
     remedy for any alleged harm associated with her state law claims. It is well established that the
28

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169 5937
702 862 8800

10.

1   NIIA provides the exclusive remedy for work-related injuries. The exclusive remedy provision of

2   the NIIA states that "[t]he rights and remedies provided in [the NIIA] for an employee on account of

3   an injury by accident sustained arising out of and in the course of employment *shall be exclusive* . . .

4   of all other rights and remedies of the employee . . . at common law or otherwise . . . ." NRS

5   616A.020(1) (emphasis added). In other words, "an employer is immune from suit by an employee

6   for injuries 'arising out of and in the course of employment." *Wood v. Safeway*, 121 Nev. 724, 732,

7   121 P.3d 1026, 1031 (2005) (quoting NRS 616A.010(1)). At the pleading stage, the court

8   determines whether the exclusive remedy provision applies – thereby barring the plaintiff's claims –

9   by analyzing whether the plaintiff's alleged injuries "arose out of" and "in the course of"

10  employment." *Id*.; *Conway v. Circus Circus*, 116 Nev. 870, 871, 875, 8 P.3d 837, 838, 840 (2000).

11  As discussed immediately below, the exclusive remedy provision applies to Plaintiff's alleged

12  injuries and, as such, Plaintiff's common law claims (her Fourth through Seventh claims) should be

13  dismissed.

### 1.   Plaintiff's Alleged Injuries "Arose Out Of" and "In the Course Of" Her Employment With The Association

15  "An injury is said to arise out of one's employment when there is a causal connection

16  between the employee's injury and the nature of the work or workplace." *Safeway*, 121 Nev. at 733,

17  121 P.3d at 1032. The Nevada Supreme Court has stated that an injury arises out of plaintiff's

18  employment if the injury occurred while plaintiff was performing her duties. *Id*. at 736, 121 P.3d at

19  1034. "[W]hether an injury occurs within the course of the employment refers merely to the time

20  and place of employment, *i.e.*, whether the injury occurs at work, during work hours, and while the

21  employee is reasonably performing his or her duties." *Safeway*, 121 Nev. at 733, 121 P.3d at 1032.

22  Here, Plaintiff concedes her alleged physical injuries arose out of her and in the course of her

23  employment with the Association. Specifically, Plaintiff alleges the Association's conduct, which

24  occurred while Plaintiff was performing her duties as CFO of the Association, "caused financial,

25  psychological, and **physical injury** to [Plaintiff]." Compl. at ¶ 48. Accordingly, Plaintiff's injury,

26  per her own admission, arose out of and in the course of her employment with the Association. As a

27  result, Plaintiff's claims are barred by the NIIA's exclusive remedy provision and the Association is

28

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1    immune from suit, unless the "intentional tort" exception to the exclusive remedy provision applies.

2    As discussed immediately below, however, the exception does not apply.

3            **2.**      **The Intentional Tort Exception To The Exclusive Remedy Rule Does Not**

4                  **Apply**

5        Employers are not immune from suit under the NIIA's exclusive remedy provision for their

6    intentional torts. *Advanced Countertop Design v. Dist. Ct.*, 984 P.2d 756, 758 (Nev. 1999). The

7    Nevada Supreme Court has held, however, that bare allegations of intent are not enough – an

8    employee "must provide facts in his or her complaint which show the deliberate intent to bring about

9    the injury." *Id.* For example, in *Barjesteh v. Faye's Pub.*, 787 P.2d 405 (Nev. 1990), the plaintiff

10    alleged that the majority stockholder of her employer "intentionally and 'violently' closed a

11    refrigerator door on her arm." *Id.* at 406. The intentional tort exception does not apply to this case

12    because Plaintiff does not allege the Association engaged in the alleged conduct with the specific

13    intent to harm Plaintiff. Rather, Plaintiff merely alleges the Association engaged in various

14    employment decisions that ultimately resulted in Plaintiff's injuries. Consequently, Plaintiff's

15    common law claims (her Fourth through Seventh claims) are barred by the exclusive remedy

16    provision of the NIIA and should be dismissed.

17           **H.**      **Plaintiff's Claims For Negligent Hiring, Retention, And Supervision And IIED**

18                  **(Her Fourth and Fifth Claims For Relief) Are Barred By The Availability Of**
                  **Statutory Remedies**

19        Plaintiff's negligent hiring, retention, and supervision and IIED claims are based upon the

20    Association's alleged discriminatory conduct. Compl. at ¶¶ 45, 54. This is fatal to these claims.

21    The Nevada Supreme Court has specifically held that an employee cannot maintain separate tort

22    claims premised upon discriminatory conduct that is subject to the comprehensive statutory remedies

23    provided by NRS 613.310 *et seq.* – Nevada's anti-discrimination statute. *Sands Regent v.*

24    *Valgardson*, 105 Nev. 436, 440 (1989). In other words, because NRS 613.310 already provides

25    comprehensive remedies for discriminatory conduct, state tort claims alleging discrimination are

26    unnecessary and are therefore barred. *Id.* This is well-established Nevada law. *D'Angelo v.*

27    *Gardner*, 107 Nev. 704, 710 (1991) (NRS 613.310 is the sole remedy available for claims based on

28    discrimination). Moreover, the U.S. District Court for the District of Nevada has applied the same

LITTLER MENDELSON, P C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas  NV  89169-5937
702 862 8800

1    rationale and dismissed state tort claims when such claims were premised upon discriminatory

2    conduct covered by federal statutes with adequate remedies. *See e.g.*, *Lund v. J.C. Penney Outlet*,

3    911 F. Supp. 442, 445 (D. Nev. 1996).

4          Plaintiff's negligent hiring, retention, and supervision claim (her Fourth Claim for Relief) is

5    premised on the allegation that the Association did not "control its employees . . . so that [they]

6    would not intentionally harm [Plaintiff] and other African-American employees . . . by subjecting

7    [Plaintiff] and other African-Americans to disparate terms and conditions of employment with

8    regarding [*sic*] to discipline and retention . . . ." Compl. at ¶ 45. In addition, Plaintiff's IIED claim

9    (her Fifth Claim for Relief) is premised on "the above campaign of discrimination, disparate

10   treatment, and harassment directed to [Plaintiff] and her African-American colleagues . . . ." *Id*. at ¶

11   54. Accordingly, as stated above, these claims are based upon the alleged race discrimination

12   engaged in by the Association. As such, these claims are barred as a matter of law. *Sands*, 105 Nev.

13   at 440; *D'Angelo*, 107 Nev. at 710; *Lund*, 911 F. Supp. at 445; *Staten v. Lowe's HIW, Inc.*, No. 2:13-

14   cv-00972-RCJ-CWH, 2013 U.S. Dist. LEXIS 132799, *6 (D. Nev. Sep. 17, 2013) (dismissing

15   negligent training and supervision claim because "this claim does not lie in Nevada based upon

16   statutorily improper discrimination"). Even assuming therefore that these claims do not fail under

17   *Iqbal* and *Twombly* or are not barred by the exclusive remedy provision of the NIIA, the Court must

18   nevertheless dismiss them as barred by the availability of statutory remedies.

19   ///

20   ///

21   ///

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

13.

V.    **CONCLUSION**

Based on the foregoing, Defendant the Association respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint pursuant to NRCP 12(b)(6).  The Association further requests that the dismissal be with prejudice as to Plaintiff's common law claims (her Fourth through Seventh claims) because no amendment can remedy the fact that Plaintiff's claims are barred by the exclusive remedy provision of the NIIA.

Dated:  April 24th, 2014

Respectfully submitted,

ROGER L. GRANDGENETT II, ESQ.
DUSTIN L. CLARK, ESQ.
MARCUS B. SMITH, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant

LITTLER MENDELSON, P C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169. On April 24 2014, I served the within document(s):

**DEFENDANT'S MOTION TO DISMISS**

☒ By CM/ECF Filing – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Robert P. Spretnak, Esq.
The Law Office Of Robert P. Spretnak
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

Attorney for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 24, 2014, at Las Vegas, Nevada.

Robyn Craig

Firmwide:125933954.2 077853.1001

LITTLER MENDELSON, P.C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

15.