UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEDRA WILSON,<br><br>    Plaintiff(s),<br><br>vs.<br><br>GREATER LAS VEGAS ASSOCIATION<br>OF REALTORS, a Nevada non-profit<br>cooperative corporation,<br><br>    Defendant(s). | Case No. 2:14-cv-00362-APG-NJK<br><br>ORDER GRANTING MOTION FOR<br>LEAVE TO AMEND<br><br>(Docket No. 43) |

  Presently before the Court is Defendant Greater Las Vegas Association of Realtors' motion for leave to file an amended answer to assert a counterclaim (Docket No. 43), filed on July 7, 2015. Plaintiff Nedra Wilson filed a response (Docket No. 44) on July 24, 2015. Defendant submitted a reply (Docket No. 48) on August 10, 2015, raising new issues. The Court therefore granted Plaintiff leave to file a sur-reply, which Plaintiff filed on September 4, 2015. Docket No. 51.

**I. BACKGROUND**

  The parties are familiar with the factual predicate for this case, and the Court will not repeat the facts here except where necessary. This case is an employment dispute. It arises from Defendant's termination of Plaintiff, who is African-American, from her position at Greater Las Vegas Association of Realtors ("GLVAR"). Plaintiff's complaint alleges that race discrimination and disparate treatment, *inter alia*, contributed to her termination. Docket No. 1. Defendant has argued that it discharged Plaintiff for making an accounting error. Docket No. 11 at 1. Defendant has also sought to defend its

treatment of Plaintiff on the grounds that she breached her confidentiality obligations. *See* Docket No. 48 at 16-17.

Plaintiff filed her complaint on March 10, 2014. Docket No. 1. The Court entered its initial scheduling order on April 9, 2015, which established a deadline for amending the pleadings of July 7, 2015. Docket No. 40. On July 7, 2015, Defendant contended that it obtained new evidence indicating Plaintiff improperly used and disclosed its confidential information as a GLVAR employee. *See* Docket No. 48 at 17. Defendant therefore moved for leave to file an amended answer to assert seven counterclaims regarding Plaintiff's conduct in relation to Defendant's confidential information. Docket No. 43. It is that motion that is currently before the Court.

**II.   STANDARDS**

Generally, a party may amend her pleading once as "a matter of course" within twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion. Fed.R.Civ.P. 15(a)(1). In all other cases, a party may amend its pleading only by leave of court or with written consent of the adverse party. Fed.R.Civ.P. 15(a)(2). "The Court should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). In making this determination, the Ninth Circuit has opined that "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Thus, Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*).

In deciding whether to grant leave to amend, courts consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the party has previously amended the pleading. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* The party opposing amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. Of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

## III. ANALYSIS

Defendant moved for leave to amend before the scheduling order deadline for amending the pleadings. Its motion is therefore subject to the limited constraints of Rule 15(a). *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).

### A. Futility

Plaintiff's primary argument in opposition to Defendant's proposed amendments is that they are futile because they would not survive a challenge to legal sufficiency under Rule 12(b)(6). Docket No. 44 at 4-18. However, "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleading is filed." *See Branch Banking & Trust Co. v. Pebble Creek Plaza, LLC*, 2013 U.S. Dist. Lexis 73723, *3 (D. Nev. May 22, 2013) (quoting *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). The Court finds that Plaintiff's futility arguments are better addressed through a motion to dismiss rather than the pending motion.[1]

### B. Undue Delay

Plaintiff next argues that Defendant unduly delayed in moving for leave to amend. Docket No. 44 at 19. In assessing timeliness of a motion to amend, courts "do not merely ask whether a motion was filed within the period of time allotted by . . . [a] scheduling order." *See AmerisourceBergen Corp.*, 465 F.3d at 953. Where newly acquired information prompts a party to seek leave to amend, courts consider "whether the moving party knew or should have known of the facts and theories raised by amendment in the original pleading." *Id.* Additionally, the Ninth Circuit has instructed courts to inquire into whether the "delay between the time of obtaining a relevant fact and seeking a leave to amend is

---

[1] The Court expresses no opinion as to the viability of the newly added claims and nothing in this order shall be construed as precluding Plaintiff from bringing a motion to dismiss.

unreasonable." *AmerisourceBergen Corp.*, 465 F.3d at 953 (holding a fifteen month delay between the time of obtaining relevant fact and seeking leave to amend is unreasonable).

In this case, the motion to amend was timely filed under the Court's discovery plan and scheduling order. Although Plaintiff argues that these counterclaims could have been plead in the original answer, Plaintiff cites no facts to support this contention. Furthermore, Defendant contends it obtained new information that formed the basis for its counterclaims on May 18, 2015, more than a month after Defendant filed its answer and almost two months before it filed its motion for leave to amend. Docket No. 48-1 at 17. There is no indication that Defendant knew or should have known about this new information at the time it drafted its original answer. Once Defendant acquired this information on May 18, 2015, it filed its motion for leave to amend one month and twenty days later on July 7, 2015. Plaintiff has not shown that this time period is unreasonable as in *AmerisourceBergen*. Accordingly, the Court finds that Plaintiff has not established that Defendant unduly delayed in moving for leave to amend.

Second, Plaintiff argues that Defendant's counterclaims would have the effect of unduly delaying this proceeding. *See* Docket No. 44 at 19. However, "[a] strong presumption against finding undue delay exists when a case is still in discovery." *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 316900, at *3 (D. Nev. Jan. 23. 2015) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987)). In this case, three months of discovery remain. Thus, the strong presumption against finding undue delay applies. While it is true that Defendant's counterclaims will likely require Plaintiff to expend more effort, "the mere fact that [a party] will be forced to refute a claim does not warrant a finding of undue prejudice." *Id*. Moreover, much of the discovery as to Defendant's fourth affirmative defense and amended counterclaims will be coterminous as they both relate to the alleged disclosure and improper use of Defendant's confidential information. Accordingly, the Court finds that Plaintiff has failed to rebut the strong presumption against finding undue delay.

## IV. CONCLUSION

For the reasons stated more fully above, the Court hereby **GRANTS** Defendant's motion for leave to amend to add the counterclaims set forth in its "(Revised Proposed) First Amended Answer to

Plaintiff's Complaint."  Docket No. 48-1.  Defendant shall file and serve the amended answer within 7 days of this order.

IT IS SO ORDERED.

DATED: September 10, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge