DUSTIN L. CLARK, Bar # 10548
CLARK LAW COUNSEL PLLC
10155 W. Twain Avenue, Ste. 100
Las Vegas, NV  89147
Telephone:     702.540.9070
E-mail:          dustin@clarklawcounsel.com
Attorney for Defendant/Counter-Claimant

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEDRA WILSON,<br><br>                    Plaintiff,<br><br>    v.<br><br>GREATER LAS VEGAS ASSOCIATION OF REALTORS, a Nevada non-profit cooperative corporation,<br><br>                    Defendant.<br><br>GREATER LAS VEGAS ASSOCIATION OF REALTORS, a Nevada non-profit cooperative corporation,<br><br>                    Counter-Claimant,<br>    v.<br><br>NEDRA WILSON,<br><br>                    Counter-Defendant. | Case No. 2:14-cv-00362-APG-NJK<br><br>**STIPULATION AND ORDER TO RE-OPEN THE EXPERT-WITNESS DISCLOSURE DEADLINE**<br><br>**(Second Request)**[1] |

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rules 6-1, 6-2, and 26-4, Defendant/Counter-Claimant Greater Las Vegas Association of Realtors ("Association" or

---

[1] The Association previously moved to re-open the expert-witness disclosure deadline, ECF No. 58, and the Court denied the Association's Motion without prejudice citing Local Rule 26-7(b), ECF No. 59.  Accordingly, while this stipulation marks the second time that GLVAR has asked the Court to re-open the expert-witness disclosure deadline, there have been no previous re-openings or extensions of this deadline, and if the Court grants this stipulation, it would constitute the first time that the expert-witness disclosure deadline has been either re-opened or extended.

"GLVAR") and Plaintiff/Counter-Defendant Nedra Wilson ("Wilson") stipulate and agree to re-open the expert-witness disclosure deadline in the above-captioned matter. Addressing the standards of both good cause and excusable neglect below, the Parties stipulate to re-open the cutoff for initial and rebuttal disclosures of experts and set those deadlines for December 4, 2015, and January 4, 2016, respectively, which comply with the timelines set forth in Local Rule 26-1(e)(3).

I. **PROCEDURAL BACKGROUND**

Plaintiff/Counter-Defendant Nedra Wilson ("Wilson") filed the complaint, ECF No. 1, initiating the above-captioned matter on March 10, 2014, and the Court issued an order staying discovery pending a ruling on the Association's motion to dismiss. ECF No. 23. On March 9, 2015,[2] the Court issued an order granting in part and denying in part the Association's motion to dismiss. ECF No. 27. After GLVAR answered, ECF No. 38, the complaint, the Court issued a scheduling order on April 9, which set August 6 as the deadline to identify expert witnesses. ECF No. 40 at 2:14-19. Wilson did not designate an expert witness with regard to her claims against the Association, and thus GLVAR did not designate a rebuttal expert.

On July 7, GLVAR moved for leave to amend its answer to assert counterclaims. ECF No. 43. The Association did not obtain such leave until September 10, ECF No. 52, over a month after the expert-witness disclosure deadline.

On September 14, in response to the parties' stipulation, the Court entered an order extending the discovery cut-off and the deadlines for dispositive motions and the pretrial order. ECF No. 55. In addition to explaining the reasons the parties needed additional time to conduct discovery, the stipulation requesting the extension of the discovery cut-off noted that the Association would be filing a motion seeking permission to name an expert witness with regard to its "newly pled counterclaims." ECF No. 53 at 3:1-3. The stipulation included a footnote, which explained that pursuant to Local Rule 26-1(e)(3), expert witness disclosures are due sixty days before the discovery deadline, "Defendant intends to ask this Court that a new expert disclosure deadline be set for

---

[2]   Unless indicated otherwise, dates referenced from this point forward in the stipulation occurred in 2015.

December 4, 2015, and a new rebuttal expert deadline be set for 30 days later, which would be January 4, 2016." The stipulation then stated, "Plaintiff does not oppose a reasonable, additional time being granted for Defendant to name an expert." ECF No. 53 at 3:3-4.

On October 12, the Association moved to re-open the expert-witness disclosure deadline, ECF No. 58. The next day, the Court denied the Association's motion without prejudice citing Local Rule 26-7(b). ECF No. 59. Approximately thirty minutes after receiving the Court's order, the Association's undersigned legal counsel, Dustin Clark, e-mailed Wilson's attorney, Robert Spretnak, regarding times to further meet and confer regarding the Association's request to re-open the expert-witness disclosure deadline. Ex. 1, Clark Decl. ¶ 3. Messrs. Spretnak and Clark met and conferred by phone on October 21, 2015 regarding the issue of re-opening the expert-witness disclosure deadline as well as other case matters, and they ultimately agreed on behalf of their clients to stipulate to re-open the expert-witness disclosure deadlines. Ex. 1, Clark Decl. ¶¶ 3-4.

During the October 21, 2015 phone call between Messrs. Spretnak and Clark, they agreed that Mr. Clark would prepare the stipulation for Mr. Spretnak's review. Ex. 1, Clark Decl. ¶ 5. During this same time, however, Mr. Clark was in the process of preparing an opposition to Plaintiff/Counter-Defendant's motion to dismiss the Association's second and third counterclaims, and three days later Mr. Clark's wife gave birth to a baby girl. Ex. 1, Clark Decl. ¶ 5. The time away from the office associated with the birth of a child as well as personal and family illness delayed completion of the Stipulation to Re-Open the Expert-Witness Disclosure Deadlines until the filing on November 23, 2015.

## II. GOOD CAUSE

"Applications to extend any date set by the discovery plan, scheduling order, or other order must . . . be supported by a showing of good cause for the extension." LR 26-4; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. "[T]he focus of the inquiry is upon the moving party's

reasons for seeking modification." *Liguori v. Hansen*, No. 2:11-cv-00492-GMN-CWH, at 10 (D. Nev. March 6, 2012) (citing *Johnson*, 975 F.2d at 604).

In the present matter, GLVAR suggests that good cause exists because as of the August 6 expert-disclosure deadline, Wilson's causes of action alleged against GLVAR were the only active claims in the case. Wilson did not designate an expert witness with regard to her claims, and thus the Association did not designate a rebuttal expert. Although GLVAR filed its motion for leave to amend its answer to assert counterclaims, ECF No. 43, on July 7, the parties' briefing on GLVAR's motion for leave to amend continued until September 4, ECF No. 51, and the Association did not receive leave to file the counterclaims until September 10, ECF No. 52, over a month after the expert-disclosure deadline.

## III. EXCUSABLE NEGLECT

In addition to showing good cause, a party who seeks an extension "after the expiration of the subject deadline" must also "demonstrate[] that the failure to act was the result of excusable neglect." LR 6-1(b); LR 26-4; *see, e.g. Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, at 2 (D. Nev. Oct. 21, 2013). Determining whether the requesting party's neglect is excusable focuses on four criteria: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Deciding whether neglect is excusable is an equitable determination left to the district court's discretion. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Because the only claims before the Court as of August 6 were Wilson's causes of action against GLVAR and because it did not receive leave to file counterclaims until September 10, ECF No. 52, the Association respectfully suggests that it did not neglect the expert-witness disclosure deadline. Nevertheless, for purposes of this Stipulation and to the extent it is determined that the Association was neglectful and in order to comply with Local Rules 6-1(b) and 26-4, the Association addresses each of the elements of the excusable-neglect standard as follows:

**(1) Danger of Prejudice**. With regard to the first factor of the excusable-neglect standard, Wilson has joined in this stipulation to re-open the expert-witness disclosure deadline thereby allaying concerns that may exist regarding prejudice. Further, Wilson will have an opportunity to depose the Association's expert and retain and disclose an expert of her own.

**(2) The Length of the Delay and Its Potential Impact on the Proceedings**. Pursuant to Local Rule 26-1(e)(3), "[expert] disclosures [must] be made sixty (60) days before the discovery cut-off date." The current discovery deadline is February 2, 2016, ECF No. 55, and therefore the deadline to designate expert witness would be Friday, December 4, 2015 with rebuttal expert disclosures being due thirty days later on January 4, 2016. The Parties hereby stipulate and agree that these cut-off dates for the expert-witness disclosure deadlines will not postpone this matter, and the second criterion of the excusable-neglect standard is satisfied.

**(3) The Reason for the Delay**. Similar to the good-cause standard, which, as indicated above, focuses on "the [requesting] party's reasons for seeking modification," *Liguori*, No. 2:11-cv-00492-GMN-CWH, at 10 (D. Nev. March 6, 2012) (citing *Johnson*, 975 F.2d at 604), the third factor of the excusable-neglect standard focuses on the reason for the delay. In the present matter, while the original scheduling order set August 6 as the deadline to make expert-witness disclosures, Wilson did not designate an expert. Also, on August 6, Wilson's causes of action asserted against the Association constituted the only claims in the case, and as of the expert-disclosure deadline, GLVAR did not have leave from the Court to amend its answer to assert counterclaims. Accordingly, GLVAR asserts that not designating an expert by August 6 is excusable.

**(4) Good Faith**. GLVAR asserts that as a result of Wilson's opposition to the Association's motion for leave to amend and the uncertainty regarding what claims, if any, GLVAR would be allowed to assert, designating an expert and providing the required report pursuant to Federal Rule of Civil Procedure 26(a)(2) would have required speculation and possibly wasteful guess work. The Association suggests that this speculation and possibly unnecessary expense would have carried over to Wilson because the scheduling order required her to designate a rebuttal expert by September 8, which was before the Court issued the order granting the Association's motion for

leave to amend.  Therefore, GLVAR asserts that its reason for not designating an expert by August 6 is not only reasonable but was also made in good faith.

### IV.    LOCAL RULE 26-4

In accordance with LR 26-4(a)-(d), the following information is provided regarding the instant Stipulation to Re-Open the Expert -Witness Disclosure Deadline:

**(a)    A Statement Specifying the Discovery Completed**.  The parties exchanged their initial disclosures.  Wilson supplemented her initial disclosures on April 30, 2015, and she propounded her first set of interrogatories, requests for production, and requests for admissions to which the Association responded.  GLVAR has likewise propounded written discovery, and Wilson has served her responses.  Additionally, GLVAR served a FOIA request on the United States Equal Employment Opportunity Commission on April 8, 2014.

**(b)    A Specific Description of the Discovery that Remains To Be Completed**.  The parties will conduct additional written discovery along with serving subpoena educes tecum on relevant third-party witnesses.  The Association intends to depose Wilson and possibly Kevin Child, Jackie Porter, and other individuals identified during discovery, and the parties have discussed the timing of depositions in this matter, including taking Wilson's deposition on Wednesday, December 30, 2015.  Pending the outcome of this Stipulation, GLVAR will work toward making its expert-witness disclosure.  Wilson has indicated that she plans to depose a number of current or former employees of the Association.

**(c)    The Reasons Why The Deadline Was Not Satisfied or the Remaining Discovery Was Not Completed within the Time Limits Set By the Discovery Plan**.  As more fully detailed above, the Association did not designate an expert witness to offer an opinion regarding the damages associated with its counterclaims because GLVAR did not have leave to file its counterclaims until over a month after the original expert-disclosure deadline.

**(d)    A Proposed Schedule for Completing All Remaining Discovery**.  The current discovery deadline is February 2, 2016.  In accordance with LR 26-1(e)(3), **initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and**

1 **therefore not later than Friday, December 4, 2015, and disclosures identifying rebuttal experts**
2 **shall be made thirty (30) days after the initial disclosure of experts, and therefore not later**
3 **than Monday, January 4, 2016 since the thirtieth day, January 3, 2016, is a Sunday.  The initial**
4 **and rebuttal disclosures must be accompanied by a written report in accordance with Federal**
5 **Rule of Civil Procedure 26(a)(2)(B)**.

DATED: November 23, 2015                           DATED: November 23, 2015

Respectfully submitted,                                      Respectfully submitted,


 /s/ Dustin L. Clark                                                /s/ Robert P. Spretnak
Dustin L. Clark                                                    Robert P. Spretnak
CLARK LAW COUNSEL PLLC                          LAW OFFICES OF ROBERT P. SPRETNAK
Attorney for Defendant/Counter-Claimant        Attorney for Plaintiff/Counter-Defendant


IT IS SO ORDERED.

DATED: November 24 _____, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and Local Rule 5-4, I served the foregoing **STIPULATION AND ORDER TO RE-OPEN THE EXPERT-WITNESS DISCLOSURE DEADLINE** via CM/ECF filing on the following:

Robert P. Spretnak, Esq.
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

I declare under penalty of perjury that the foregoing is true and correct.

DATED: November 23, 2015

      /s/ Dustin L. Clark
Dustin L. Clark

# Exhibit 1

# Exhibit 1

DUSTIN L. CLARK, Bar # 10548
CLARK LAW COUNSEL PLLC
10155 W. Twain Avenue, Ste. 100
Las Vegas, NV 89147
Telephone:     702.540.9070
E-mail:        dustin@clarklawcounsel.com
Attorney for Defendant/Counter-Claimant

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEDRA WILSON,<br><br>         Plaintiff,<br><br>  v.<br><br>GREATER LAS VEGAS ASSOCIATION OF REALTORS, a Nevada non-profit cooperative corporation,<br><br>         Defendant.<br><br>GREATER LAS VEGAS ASSOCIATION OF REALTORS, a Nevada non-profit cooperative corporation,<br><br>         Counter-Claimant,<br>  v.<br><br>NEDRA WILSON,<br><br>         Counter-Defendant. | Case No. 2:14-cv-00362-APG-NJK<br><br>**DECLARATION OF DUSTIN L. CLARK IN SUPPORT OF STIPULATION TO RE-OPEN EXPERT-WITNESS DISCLOSURE DEADLINE** |

I, Dustin L. Clark, declare as follows:

1.     I have personal knowledge of the facts set forth below, and if called upon to testify to the same, I could and would do so competently and truthfully.  I make this declaration in support of the Stipulation to Re-Open the Expert-Witness Disclosure Deadlines filed in the above-captioned matter on November 23, 2015 as ECF No. 66.

2. I am an attorney with the law firm of Clark Law Counsel PLLC, which represents Defendant/Counterclaimant Greater Las Vegas Association of Realtors ("GLVAR" or "Association") in the above-captioned matter.

3. About thirty minutes after receiving a copy of the Court's Order Denying Motion for Extension, ECF No. 59, on October 13, 2015, I e-mailed Robert Spretnak ("Mr. Spretnak"), legal counsel for Plaintiff/Counter-Defendant Nedra Wilson, regarding times to further meet and confer regarding the Association's request to re-open the expert-witness disclosure deadline. Mr. Spretnak responded to my e-mail the next day, and we ultimately met and conferred by phone on October 21, 2015 regarding the issue of re-opening the expert-witness disclosure deadline as well as other case matters.

4. My phone call with Mr. Spretnak on October 21, 2015 lasted approximately forty minutes during which time, we agreed to stipulate to re-open the expert-witness disclosure deadlines, setting December 4, 2015 as the initial expert disclosure deadline and January 4, 2016 as the rebuttal expert disclosure deadline, both dates being in accordance with Local Rule 26-1(e)(3).

5. During the October 21, 2015 phone call with Mr. Spretnak, we agreed that I would prepare the stipulation for his review. During this same time, I was in the process of preparing an opposition to Plaintiff/Counter-Defendant's motion to dismiss the Association's second and third counterclaims, and three days later my wife gave birth to a baby girl. The time away from the office associated with the birth of a child as well as personal and family illness delayed completion of the Stipulation to Re-Open the Expert-Witness Disclosure Deadlines until the filing on November 23, 2015.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed: November 23, 2015.

_____
DUSTIN L. CLARK