**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEDRA WILSON, ) | Case No. 2:14-cv-00362-APG-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| GREATER LAS VEGAS ASSOCIATION OF ) REALTORS, ) | |
| ) | (Docket No. 70) |
| Defendant(s). ) | |

Pending before the Court is Defendant's motion to overrule objections and compel Plaintiff to supplement responses to second set of requests for production. Docket No. 70. Plaintiff filed a response, and Defendant filed a reply. Docket No. 73, 74. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-2.

**I.    BACKGROUND**

This case arises from Defendant's termination of Plaintiff, who was Defendant's Chief Financial Officer, from her position at Greater Las Vegas Association of Realtors ("GLVAR"). Docket No. 1 at 3. Plaintiff alleges, *inter alia*, that race discrimination and disparate treatment contributed to her termination. *Id.* at 3-7. Defendant asserts counter-claims against Plaintiff, alleging, *inter alia*, that she breached her confidentiality and fiduciary obligations. Docket No. 54 at 13-27. In particular, Defendant alleges that Plaintiff provided confidential documents to GLVAR members whom Attorney Matthew Callister represented in a separate lawsuit against Defendant. *Id.* at 19-23; *see also* Docket No. 74 at 11.

//

The dispute before the Court centers on two main issues.[1] The first issue relates to Requests for Production 43 and 51, which ask for communications and documents exchanged between Plaintiff and Callister + Associates, LLC. Docket No. 70-1 at 14, 16-17. Plaintiff contends that she produced all documents responsive to these requests, but submits that identifying the specific documents that she provided to Attorney Callister so that he could evaluate the merits of a potential wrongful termination suit would reveal privileged information. Docket No. 73 at 12. Defendant replies that Plaintiff has failed to substantiate her privilege claim and has not shown that attorney-client privilege can be used to avoid identifying which documents are privileged. Docket No. 74 at 9.

The second issue relates to responses in which Plaintiff stated that: "There are no documents responsive to this Request known to be in Plaintiff's possession, custody or control, other than what may have been produced as part of her Initial Disclosures, and any supplement thereto, or in response to other Requests."[2] Docket No. 70-1 at 29-38. Defendant argues that Plaintiff must identify by Bates number the documents that are responsive to each request. Docket No. 70 at 17-18. Plaintiff responds that she produced all the responsive documents and counters that identifying responsive documents would be unduly burdensome and disproportionate to the needs of the case. Docket No. 73 at 14. Defendant replies that Plaintiff failed to cite authority to substantiate her position, and that Defendant's position is consistent with relevant case law. Docket No. 74 at 4-7.

**II.     PRIVILEGE**

Federal Rule of Civil Procedure 34(a) permits a party to serve the opposing party with document requests seeking non-privileged matter that is relevant and proportional to the needs of the case.[3]

---

[1] Defendant's motion also requests that the Court order Plaintiff to answer "questions during her deposition regarding what documents and information she provided to Callister + Associates, LLC." Defendant fails, however, to meaningfully develop this argument. In any event, since Plaintiff's deposition has not yet occurred, Defendant's "motion to compel deposition testimony is not ripe for decision." *Linares v. Costco Wholesale, Inc.*, 2013 WL 5434570 *6 (S.D. Cal. Mar. 7, 2013).

[2] This was Plaintiff's response to Request Nos. 39, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 53, 54, 56, 57, 60, 61, 65, 66, 67, 68, 70, 71, 73, and 74. Docket No. 70-1 at 29-38.

[3] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

Fed.R.Civ.P. 34(a) (citing Rule 26(b)). A party may withhold otherwise discoverable information by claiming privilege, but she must expressly make the claim and describe the information not disclosed without revealing the information itself in a manner that enables the other party to assess the claim of privilege. Fed.R.Civ. 26(b)(5)(A).

A party asserting the attorney-client privilege has the burden of establishing the privileged nature of the information. *United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009) (citing *United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000)). "The fact that a person is a lawyer does not make all communications with that person privileged." *Id.* at 607 (internal citation omitted). Rather, federal courts use an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n. 2 (9th Cir. 1992)); *see also United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (internal citation omitted).

Plaintiff's privilege claim rests on her assertion that she met with Attorney Callister to evaluate a potential case for wrongful termination. Docket No. 73 at 12. She submits that being forced to identify which documents were disclosed during this meeting would reveal the nature of Plaintiff's and Attorney Callister's privileged conversation. *Id.* at 13.

The Court finds that Plaintiff has not met the burden of establishing the essential elements of the attorney-client privilege. Plaintiff does not identify the eight-part test, or any other test, used to determine the applicability of the privilege in federal question cases. *Id.* Plaintiff fails to cite any authority whatsoever to support her contention of privilege. *Id.* Plaintiff, therefore, fails to demonstrate that her communications with Mr. Callister are privileged.

Plaintiff does not, for instance, establish that she furnished this information so that Mr. Callister could provide her with legal advice. Plaintiff states that, "during the time period in which the members' derivative action was being organized[,]" she provided the documents to Mr. Callister to allow him to

"evaluate a wrongful termination lawsuit[.]" Docket No. 73 at 12 (internal quotations omitted). That derivative suit, however, was filed almost a year before Plaintiff's termination. Docket No. 74-1 at 13 (showing May 29, 2012, as date of filing of derivation action); Docket No. 1 at 2 (establishing May 7, 2013, as Plaintiff's termination date). Plaintiff has failed to carry the burden of establishing that her meeting with Mr. Callister was for the purpose of obtaining legal advice regarding her alleged wrongful termination that was not to occur for another year.

Moreover, Plaintiff fails to demonstrate that identifying the documents at issue would reveal confidential communications. The attorney-client privilege protects confidential communications, not facts. *LightGuard Sys., Inc. v. Spot Devices, Inc.*, 281 F.R.D. 593, 598 (D. Nev. 2012). *See also Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). Here, Plaintiff offers no theory as to how the act of identifying documents that she has already produced will reveal the contents of privileged communications, even if she had met her burden of demonstrating her communications with Mr. Callister were privileged. Docket No. 73 at 12.

Accordingly, Plaintiff has failed to satisfy her burden. The Court, therefore, finds that the identity of the documents disclosed to Mr. Callister is not protected by the attorney-client privilege. Plaintiff is ordered to provide supplemental responses identifying the documents responsive to Requests Nos. 43 and 51, no later than May 16, 2016.

### III. DOCUMENT IDENTIFICATION

An evasive or incomplete response must be treated as a failure to respond. *Buchanan v. Las Vegas Metro. Police Dep't*, 2012 WL 1640516, *1 (D. Nev. May 9, 2012). Where a party answers requests by stating that the information was "already provided," without more, her response is "evasive or nonresponsive within the meaning of Rule 37(a)(4)." *Id*. (citing *USF Ins. Co. v. Smith's Food and Drug Center, Inc.*, 2011 WL 2457655 at *3 (D. Nev. 2011)). This is because the discovering party is "entitled to know which documents are responsive to which responses." *Queensridge Towers, LLC v. Allianz Glob. Risks US Ins. Co.*, 2014 WL 496952, *6 (D. Nev. Feb. 4, 2014). Accordingly, in such cases, the responding party must "supplement [her] responses to indicate which of the previously disclosed documents are responsive to each request for production." *Buchanan*, 2012 WL 1640516 at *1.

Plaintiff's statement that responsive documents 'may have been already produced' is evasive and incomplete. *See Buchanan*, 2012 WL 1640516 at *1. This response makes it impossible to tell which documents Plaintiff claims are responsive to which request or if any documents at all were responsive to a particular request. "[Plaintiff] may not appropriately respond that [the responsive documents] are somewhere in the documents that have been . . . produced." *Queensridge Towers, LLC*, 2014 WL 496952 at *5. Therefore, Plaintiff must supplement her responses in order to "permit [Defendant] to identify and locate which documents [Plaintiff] alleges are responsive to which requests." *Id*.

Further, Plaintiff's argument that identifying responsive documents is unduly burdensome or disproportional to the needs of the case is unpersuasive. First, Plaintiff failed to assert these objections to Defendant's discovery requests, and, therefore, they are waived. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection"). Second, Plaintiff does not offer authority that creates an exception to the general document identification requirement. Third, Plaintiff's supplementation will be adequate so long as it permits Defendant to identify which documents are responsive to which requests. The Court finds that such a supplementation is not unduly burdensome or disproportionate to the needs of the case.

Finally, Plaintiff raises the issue that she interposed additional objections to Requests 45 and 68. Docket No. 73 at 21-22. Regarding Request 45, the Court agrees. The Court therefore **DENIES** Defendant's motion as to this request and limits it to communications Plaintiff has had with any current or former employee of GVLAR that is relevant to any claims, counter-claims, or defenses in the instant litigation. The Court finds that Request 68 is not overbroad, however, and **GRANTS** Defendant's motion.

Plaintiff is therefore ordered to provide supplemental responses identifying the documents, if any, responsive to Requests 39, 41, 42, 44, 45 (with the limitations stated above), 46, 47, 49, 50, 53, 54, 56, 57, 60, 61, 65, 66, 67, 68, 70, 71, 73, and 74 no later than May 16, 2016.

## V.  CONCLUSION

For the reasons stated above, Defendant's motion, Docket No. 70, is **GRANTED** in part and **DENIED** in part. The Court orders Plaintiff to supplement her responses consistent with this order no later than May 16, 2016. Defendant's request that the Court order Plaintiff to answer various questions at her deposition is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: May 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge