DUSTIN L. CLARK
Nevada State Bar # 10548
10155 W. Twain Avenue, Ste. 100
Las Vegas, NV  89147
Phone: 702.540.9070
E-mail: dustin@clarklawcounsel.com
Attorney for Defendant/Counter-Claimant
Greater Las Vegas Association of REALTORS®

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NEDRA WILSON,<br><br>Plaintiff,<br><br>v.<br><br>GREATER LAS VEGAS ASSOCIATION OF REALTORS, a Nevada non-profit cooperative corporation,<br><br>Defendant. | Case No. 2:14-CV-362-APG-NJK<br><br>**DEFENDANT/COUNTER-CLAIMANT GREATER LAS VEGAS ASSOCIATION OF REALTORS' MOTION FOR ATTORNEY'S** |
| GREATER LAS VEGAS ASSOCIATION OF REALTORS, a Nevada non-profit cooperative corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>NEDRA WILSON,<br><br>Counter-Defendant. | |

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C) and LR 54-14, Defendant/Counter-Claimant Greater Las Vegas Association of REALTORS® ("Defendant") moves for an order requiring Plaintiff/Counter-Defendant Nedra Wilson ("Plaintiff"), or her attorney of record in the above-captioned matter, to pay Defendant's reasonable attorney's fees incurred in making the Motion To Overrule Objections And Compel Plaintiff To Supplement Her Responses To Defendant's Second Set Of Requests For Production, ECF Nos. 70 and 74, (hereinafter the "Motion to Compel"), as well as the instant Motion for Attorney's Fees, ECF No. 80.

Defendant bases this Motion on the pleadings and papers on file herein, the following memorandum of points and authorities, the exhibits attached hereto, and any oral argument that the Court may hear. Pursuant to LR 54-14(c), Defendant's undersigned counsel of record provides the declaration attached hereto as Exhibit 1 certifying that he is responsible for the billings in the case, authenticating the information contained in the motion, and confirming that the bills were reviewed and edited and that the fees and costs charged are reasonable.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff should be required to pay the reasonable attorney's fees that Defendant incurred to bring the Motion to Compel. Although Defendant's Motion to Compel was granted in part and denied in part, the Court granted the overwhelming majority of the relief that Defendant requested in the Motion. Plaintiff should be ordered to pay Defendant the full amount of the attorney's fees incurred to bring the Motion to Compel because Defendant satisfied the meet-and-confer requirements before filing the Motion, and Plaintiff's responses were not substantially justified. Therefore, Plaintiff should be ordered to pay Defendant $10,675 in attorney's fees to bring the Motion to Compel and $2,425 to bring this Motion for Attorney's Fees, *Aevoe Corp. v. AE Tech Co.*, No. 2:12-cv-53-GMN-NJK, Order Mot. Exp. 12:16-18, ECF No. 373 (D. Nev. Sept. 20, 2013) (PACER) ("[A] party entitled to recover attorneys' fees should also recover the reasonable attorneys' fees necessarily incurred in obtaining a fee award.") for a total of $13,100.

### II. BACKGROUND

Defendant served its second set of requests for production on November 25, 2015. *Clark Decl*. ¶ 3, Ex. 1, ECF No. 70-1 at 3; *2d Set Req. Prod.*, Ex. 2, ECF No. 70-1 at 22. Defense counsel agreed to a ten-day extension of time for Plaintiff to respond to the second set of requests for production. When Plaintiff finally served her responses to the second set of requests for production, over four weeks after the agreed-upon deadline, *Clark Decl*. ¶ 6, Ex. 1, ECF No. 70-1 at 5; *Obj. & Resp. to 2d Set Req. Prod.*, ECF No. 70-1 at 12, they were evasive and included unsubstantiated claims of attorney-client privilege. Following legal counsels' meet and confer and Plaintiff's refusal

to supplement her responses, Defendant filed the Motion to Compel. On May 2, 2016, the Court issued an order granting in part and denying in party Defendant's Motion to Compel. The Court found that Plaintiff's responses were evasive and that she failed to substantiate her claim of attorney-client privilege. Order Mot. Compel 4:14-15, 5:1-2, ECF No. 78.

LR 54-14, and applicable case law, demonstrates that a party must file and serve a motion for attorney's fees within fourteen days after entry of the order entitling the party to move for attorney's fees. Defendant now timely moves for an order requiring Plaintiff to pay the attorney's fees incurred to bring the Motion to Compel.

### III.  ARGUMENT

#### A.  An Award Of Fees Is Appropriate Under The Present Circumstances.

Rule 37(a)(5)(A)[1] provides for the recovery of expenses, including attorney's fees, incurred in making a motion to compel that is granted. "If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Rule 37(a)(5)(C). An award of expenses is not appropriate if: "(1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of fees unjust." Rule 37(a)(5)(A)(i-iii); *see also Switch Comm's Group LLC v. Ballard*, No. 2:11-cv-285-JCM-GWF, 2011 WL 5041231, at *1-2 (D. Nev. Oct. 24, 2011) ("The same factors guide a court's decision under both subsection 37(a)(5)(A) and 37(a)(5)(C)."). Here, none of the exceptions of Rule 37(a)(5) apply to bar or limit Defendant's recovery of attorney's fees incurred in making the Motion to Compel. Therefore, Defendant should be awarded the full amount of the fees incurred to bring the Motion to Compel.

##### 1.  Defendant Filed The Motion To Compel *After* Attempting In Good Faith To Obtain The Discovery Without Court Intervention.

Defendant fulfilled the meet-and-confer requirement and filed the Motion to Compel only after attempting in good faith to obtain the discovery without court intervention. Specifically,

---

[1]  Unless otherwise noted, references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

1  Defense counsel first sent Plaintiff's counsel a letter identifying the issues and deficiencies of
2  Plaintiff's responses to Defendant's second set of requests for production. *Clark Decl*. ¶¶ 6-7, ECF
3  No. 70-1 at 4; *Feb. 9, 2016 letter*, ECF No. 70-1 at 41-46.  The letter from Defense counsel included
4  an analysis of relevant court rules and case law and contained a specific request that Plaintiff
5  supplement her responses to Defendant's second set of requests for production. *Feb. 9, 2016 letter*,
6  Ex. 6, ECF No. at 45.

7  About a week after Defense counsel mailed the letter to Plaintiff's counsel, they met-and-
8  conferred by phone regarding Plaintiff's attorney-client privilege objection as well as her other
9  responses and Defendant's request for supplementation. *Clark Decl*. ¶ 9, ECF No. 70-1 at 4-5; *E-*
10 *mail String, Feb. 11-12, 2016*, ECF No. 70-1 at 48.  During the half-hour phone call, counsel
11 discussed Defendant's request that Plaintiff identify the documents responsive to each respective
12 request set forth in the second set of the requests for production and remove the nebulous statement
13 that responsive documents "may have been produced" previously. *Clark Decl*. ¶ 9, ECF No. 70-1 at
14 4-5.  Defense counsel explained that based on the Rules and case law, Plaintiff must identify the
15 documents, by bates number or otherwise, that are responsive to Defendant's respective requests of
16 the second set of requests for production. *Clark Decl*. ¶ 10, ECF No. 70-1 at 5.  Plaintiff's counsel
17 responded by stating that he believes Plaintiff's responses comply with the Rules and reiterated
18 Plaintiff's refusal to identify the responsive documents. *Clark Decl*. ¶¶ 10 & 13, ECF No. 70-1 at 4-
19 5.  Accordingly, the facts demonstrate that Defendant filed the motion after attempting in good faith
20 to obtain the disclosure or discovery without court action.

21         **2.     Plaintiff's Objections And Responses Were Not "Substantially Justified."**

22 Defendant's Motion for Attorney's Fees should be granted without reducing the amount of
23 the fees incurred because Plaintiff's responses to Defendant's second set of requests for production
24 were not substantially justified.  Moreover, Plaintiff's discovery responses and her opposition to the
25 Motion to Compel indicate that she made no attempt to determine whether her refusal was justified
26 under the law or the facts.

27

An award of expenses is not warranted if "the opposing party's nondisclosure, response, or objection was substantially justified." Rule 37(a)(5)(A)(ii). "The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified." *American Gen. Life Ins. Co. v. Futrell*, No. 2:11-cv-977-PMP-CWH, 2012 WL 4962997, at *1 (D. Nev. Oct. 16, 2012). "A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *Lemus v. Olaveson*, No. 2:14-cv-1381-JCM-NJK, Order Mot. Sanctions 15:19-21, ECF No. 46 (D. Nev. Mar. 5, 2015) (PACER) (citing *Reygo Pacific Corporation v. Johnston Pump Company*, 680 F.2d 647, 649 (9th Cir. 1982)). Stated differently, "[a] nondisclosure is 'substantially justified' under Rule 37 if reasonable people could differ on whether a party was bound to comply with a discovery rule." *Am. Gen. Ins. Co. v. Vistana Condo. Owners Ass'n*, No. 2:12-cv-1324-JAD-NJK, Order Mot. Compel & Sanctions 4:20-22, ECF No. 119 (D. Nev. Mar. 7, 2014) (PACER) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "[C]ourts do not tolerate . . . attempts to obstruct discovery through objections or evasive responses which lack a good faith basis." *Limtiaco v. Auction Cars.com, LLC*, No. 2:11-cv-00370-MMD-CWH, Order Mot. Atty. Fees 4:21-22, ECF No. 35 (D. Nev. Oct. 17, 2012) (PACER) (citation omitted).

In the present matter, Plaintiff did precisely what "courts do not tolerate" when she sought "to obstruct discovery through objections [and] evasive response which lack[ed] a good faith basis," *Limtiaco*, Order Mot. Atty. Fees 4:21-22, ECF No. 35. Plaintiff did not cite a single case in her opposition to the Motion to Compel to attempt to justify her objections based on the attorney-client privilege or her refusal to identify documents responsive to the respective requests. The case law demonstrates that there are no grounds for her claim of privilege or her refusal to identify responsive documents. Evidently, Plaintiff made no effort to determine the legal grounds for her objections and evasive responses. Rather than analyzing the Rules and the case law, Plaintiff "shot from the hip," nebulously asserting that although her responses were "consistent with the common practice before this Court," they were "not sufficient for GLVAR." *Pl.'s Opp'n to Mot. Compel* 2:19, ECF No. 73.

In sum, the facts indicate that Plaintiff did not attempt to determine whether she "was bound to comply" with Defendant's requests for production. Before serving her responses to Defendant's second set of requests for production, Plaintiff should have analyzed the Rules and case law to justify her objections and her refusal to identify responsive documents. Then, after Plaintiff's attorney received the letter from Defense counsel identifying the problems with Plaintiff's responses and citing case law, Plaintiff should have, at that point, analyzed the validity of her objections and responses, but she apparently did not, and she continued to make frivolous objections and evasive responses despite knowledge to the contrary. Plaintiff had yet another opportunity after the meet-and-confer between the parties' respective legal counsel and before the filing of the Motion to Compel to assess her responses and supplement them to comply with the law. Once again, however, she failed to revise and supplement her responses and continued to obstruct discovery.

Even more serious than Plaintiff's failure to base her responses and objections on the law, her opposition to the Motion to Compel demonstrated that there was no factual support—and, in fact, contradicted—her assertion of an attorney-client relationship with Matthew Callister. Referring to her termination from Defendant as an event that had already occurred as of May 2012, Plaintiff stated in her opposition that she "believed that she *had been* unlawfully and wrongfully terminated from her position with GLVAR" and "was shopping for an attorney during the time period in which the members' derivative action was being organized *which later was filed* in Clark County District Court as *Kevin Child v. Greater Las Vegas Association of Realtors*, Case No. A-12-662480-C," *Pl.'s Opp'n to Mot. Compel* 12:1-4, ECF No. 73 (emphasis added). Matthew Callister filed the lawsuit on May 29, 2012, but Plaintiff's employment with Defendant did not end until at least a year later in May 2013, and her asserted basis for the attorney-client privilege—that is, Callister's evaluation in or before May 2012 of a claim based on her allegedly wrongful termination—was factually impossible. Not only did her responses and objections lack a good-faith basis in the law, the facts as set forth in Plaintiff's opposition completely contradict her attorney-client privilege objections and destroy her credibility.

Plaintiff's repeated, wanton disregard of her discovery obligations establishes that her responses were not only without substantial justification but they were also deliberately evasive and non-responsive. Accordingly, Defendant should be awarded the full amount of the attorney's fees incurred to make the Motion to Compel.

**B.   The Full Amount Of Defendant's Requested Fees Are Reasonable And Should Not Be Adjusted**.

Having shown that Defendant should be awarded attorney's fees, the next step is to analyze the reasonableness of the requested fee award. Courts analyze whether the amount of a Rule 37 request for attorney's fees is reasonable using the two part "lodestar" method. *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). First, the court determines the "lodestar" figure by multiplying the reasonable hourly rate by the number of hours expended. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). Determining whether an attorney's hourly rate is reasonable is ascertained by analyzing "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). "[I]n determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *Aevoe Corp.*, Order Mot. Exp. 8:1-7, ECF No. 373.

In the present matter, Defense counsel's billable hourly rate is $250. Ex. 1, *Clark Decl*. ¶ 7. Prior to forming his own firm in December 2014, Defense counsel's standard rate was $370 while at Littler Mendelson, P.C., and he is familiar with other labor-and-employment attorneys with similar or less experience billing between $350 to $400 per hour. Ex. 1, *Clark Decl*. ¶ 7. As a result, Defense counsel's hourly billable rate of $250 is reasonable.

In accordance with LR 54-14(b)(1), the reasonable itemization and description of the work performed (Exs. 2-3) shows that Defense counsel spent 42.7 hours preparing the Motion to Compel—including analyzing and researching Plaintiff's responses and objections to the second set

of requests for production, the arguments that Plaintiff's counsel presented, and composing the memoranda of points and authorities for both the Motion to Compel and the reply in support thereof—at a billable rate of $250 per hour for a total of $10,675 in fees actually incurred and charged to Defendant. More specifically, Defense counsel spent 25.6 and 17.1 hours preparing the Motion to Compel and the reply in support, respectively, for itemized fees of $6,400 relative to the Motion to Compel and $4,275 for the reply. Defense counsel spent 9.7 hours ($2,425) preparing this Motion for Attorney's Fees. Thus, the total fees incurred total $13,100.

The second step in the inquiry is whether the lodestar figure should be adjusted based on the relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975); *see also* LR 54-14, formerly 54-16(b)(3). The court "may adjust the lodestar upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citing *Blum v. Stenson*, 465 U.S. 886, 898-901 (1984)). The Court, however, "should adjust the lodestar only in rare and exceptional cases." *Aevoe Corp.*, Order Mot. Exp. 14:22, ECF No. 373 (citing *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000)).

The *Kerr* factors, as set forth in LR 54-14(b)(3), include: (1) the results obtained and the amount involved; (2) the time and labor required; (3) the novelty and the difficulty of the questions involved; (4) the skill requisite to perform the legal service properly; (5) the preclusion of other employment by the attorney due to acceptance of the case; (6) the customary fee; (7) whether the fee is fixed or contingent; (8) time limitations imposed by the client or circumstances; (9) the amount involved and the results obtained; (10) the experience, reputation, and ability of the attorney; (11) the undesirability of the case, if any; (12) the nature and length of the professional relationship with the client; and (13) awards in similar cases. LR 54-14(b)(3); *see also Kerr*, 525 F.2d at 70.

### 1.    The Results Obtained And The Amount Involved

As detailed in Defendant's Motion to Compel, the documents that Defendant requested in the second set of requests for production are critical to Defendant's counterclaims, which are based on the assertion that Plaintiff furnished documents and information to dissident members of the

Association while she served as Defendant's CFO. The amount of potential damages that Defendant claims exceeds $150,000, as measured by the attorneys' fees incurred in the litigation brought by the dissident members as well as the disgorgement of compensation paid to Plaintiff during her breach of fiduciary duty.

Although Defendant's Motion to Compel was granted in part and denied in part and thus the discretionary standard set forth in Rule 37(a)(5)(c) applies to the instant motion for fees rather than mandatory standard of Rule 37(a)(5)(A), the Court granted the great majority of the relief that Defendant requested in its Motion to Compel. Defendant moved for an order overruling Plaintiff's attorney-client-privilege objections to two of the requests for production set forth in Defendant's second set of request for production (Request Nos. 43 and 51) and compelling Plaintiff to supplement her responses to twenty-three of Defendant's requests for production (Request Nos. 39, 41, 42, 44, 45, 46, 47, 49, 50, 53, 54, 56, 57, 60, 61, 65, 66, 67, 68, 70, 71, 73, and 74). The Court granted Defendant's Motion with regard to twenty-four of the twenty-five requests for production at issue—the only denial pertaining to the overbreadth objection of Request for Production No. 45. The Court, therefore, granted ninety-six percent (96%) of the relief requested in Defendant's Motion to Compel.

While the Court denied the request that Plaintiff be required to answer questions during her deposition about the documents that she furnished to Matthew Callister, Plaintiff did not object to this request in her opposition to the Motion to Compel. In fact, Plaintiff's counsel asked Defendant to include in its Motion to Compel a request for a ruling regarding his planned deposition instruction. *Clark Decl*. ¶ 12, ECF No. 70-1 at 5. Accordingly, the Court's denial of the Motion as it related to the planned instruction of Plaintiff's counsel during Plaintiff's upcoming deposition had nothing to do with any argument or resistance from Plaintiff. Consequently, the Court came as close as possible to granting Defendant's Motion to Compel in full, and Defendant should be awarded the attorney's fees incurred to bring the Motion to Compel.

. . .

. . .

### 2. The Time And Labor Required

The issue of whether Plaintiff must identify the documents responsive to the respective requests for production was not overly complex. However, Plaintiff complicated the issue during both the meet-and-confer process and in her twenty-three page opposition by strenuously making numerous—albeit ultimately irrelevant—arguments that required Defense counsel to spend additional time analyzing, researching, and rebutting her claims.

As pointed out in Plaintiff's opposition, her legal counsel is an "experienced attorney," *Pl.'s Opp'n to Mot. Compel* 14:4, ECF No. 73, having been licensed in Nevada since 1993 and having worked at Lionel Sawyer, one of the most prestigious law firms in Nevada history, for seven years. Ex. 4 at 5. On top of his experience representing employers as referenced on his firm website, Plaintiff's counsel has become an esteemed member of the plaintiff's bar.

Against this backdrop, Plaintiff's opposition alleged that Defense counsel was "*demanding something that no other attorney has ever demanded from Ms. Wilson's experienced attorney.*" *Pl.'s Opp'n to Mot. Compel* 14:3-4, ECF No. 73. The undersigned counsel for Defendant took the assertions in Plaintiff's opposition seriously and spent time verifying the research and analysis performed in response to Plaintiff's refusal to supplement after the meet-and-confer process. Accordingly, although the issue of whether a party must identify responsive documents when answering requests for production is not overly complex, the strident, and at times, personal, nature of Plaintiff's arguments and attacks complicated the matter thereby necessitating additional time preparing the Motion to Compel and the reply in support thereof. Moreover, Plaintiff's complete failure to cite any case law in support of her arguments and objections, during either the meet-and-confer process or in her opposition, complicated the matter because rather than analyzing and distinguishing any jurisprudence that Plaintiff relied upon, Defense counsel had to comb through case law to make sure nothing was missed.

Plaintiff further drove up the expenses associated with composing the reply in support of the Motion to Compel by asserting objections in the opposition that were not included in the responses to Defendant's second set of requests for production. Plaintiff added to the expense associated with

the Motion to Compel by claiming that Plaintiff's responses "were consistent with the common practice before this Court." *Pl.'s Opp'n to Mot. Compel* 2:13-20, ECF No. 73. Moreover, Defense counsel had to spend additional time pointing out the inconsistencies with Plaintiff's timeline and refuting her strident claim that an attorney-client relationship existed with Matthew Callister. Counsel for Defendant had to take time to refute Plaintiff's assertion that her legal counsel would have to comb through thousands of pages of documents to identify material responsive to the respective requests for production. Defense counsel also had to address Plaintiff's tactic of including her unsubstantiated allegations of Defendant's conduct in her opposition to the Motion to Compel. Additionally, Defense counsel had to correct Plaintiff's mischaracterization of Defendant's request for production. For example, Plaintiff asserted that Defendant was requesting information about what Plaintiff allegedly said to Matthew Callister, when in reality, Defendant simply asked her to produce and identify documents that she furnished to Callister. In sum, rather than arguing the law, Plaintiff obfuscated the issues and "facts" and thereby increased the fees incurred with bring the Motion to Compel. Because of the crucial nature of the requested documents and with so much on the line, Defense counsel could not leave anything to chance and to spend the time refuting Plaintiff's arguments, however meritless.

### 3. The Novelty And Difficulty Of The Questions Involved

As detailed in the foregoing section, although the issue of whether Plaintiff had to identify responsive documents was not overly complicated, her assertion that the attorney-client privilege protected from disclosure any documents that she may have supplied to Matthew Callister was fairly novel, and without any case law citations from Plaintiff, required Defense counsel to analyze, research, and address the matter in the memoranda of points and authorities.

### 4. The Skill Requisite To Perform The Legal Service Properly

The skill required to perform the legal service properly includes the ability to interpret the Federal Rules of Civil Procedure and to research and analyze case law pertaining to both a party's obligation to identify responsive document when answering requests for production as well as assessing the scope of the attorney-client privilege, including whether, once the other traditional

factors are established, the privilege extends to the identity of documents that a party turns over to an attorney when the documents at issue are not otherwise privileged.

### 5. The Preclusion Of Other Employment By The Attorney Due To Acceptance Of The Case

Defense counsel has a full slate of cases and matters, and the time spent preparing the Motion to Compel prevented him from working on other matters.

### 6. The Customary Fee

Dustin Clark, the undersigned attorney for Defendant has been licensed to practice since September 2005. Defense counsel's standard rate while at Littler Mendelson, P.C. in 2014 was $370 and his customary rate since forming Clark Law Counsel PLLC has been between $270 and $300.

### 7. Whether The Fee Is Fixed Or Contingent

The fees in the present matter are calculated on an hourly basis.

### 8. The Time Limitations Imposed By The Client Or The Circumstances

The documents requested as part of Defendant's second set of requests for production are necessary to conduct a complete and thorough deposition of Plaintiff. Accordingly, it was necessary to file and serve the Motion to Compel as soon as possible after Plaintiff refused to supplement her responses to Defendant's second set of requests for production.

### 9. The Experience, Reputation, And Ability Of The Attorney

Dustin Clark, the undersigned attorney for Defendant has been licensed to practice since September 2005, having been first admitted to the Wyoming State Bar. Ex. 1, *Clark Decl*. ¶ 9. In 2007, Mr. Clark became a member of the State Bar of Nevada and the Utah State Bar in 2008. Ex. 1, *Clark Decl*. ¶ 9. He has focused his practice on counseling and representing employers and management in labor-and-employment matters since January 2008. Ex. 1, *Clark Decl*. ¶ 9. Defense counsel left his employment with Littler Mendelson, P.C. in November 2014 to start his own law firm. Ex. 1, *Clark Decl*. ¶ 9. His standard rate while at Littler Mendelson, P.C. in 2014 was $370 and his customary rate since forming Clark Law Counsel PLLC is between $270 and $300. Ex. 1,

*Clark Decl.* ¶ 9. Mr. Clark was recently informed that he is to be named in the 2016 list of Legal Elite by Nevada Business Magazine. Ex. 1, *Clark Decl*. ¶ 9.

### 10. The Undesirability Of The Case, If Any

Other than the undesirable and frustrating task of moving to compel Plaintiff to respond to discovery for which she offered no legitimate objection or response, this case itself is not undesirable.

### 11. Nature And Length Of The Professional Relationship With The Client

The undersigned counsel has advised and represented Defendant in labor-and-employment matters since approximately June 2013.

### 12. Awards In Similar Cases

The Court's award in *Aevoe Corp.* establishes the reasonable nature of Defendant's request for fees in the present matter. In *Aevoe Corp.*, the Court awarded the movant $10,512 in attorneys' fees. *Id.*, Order Mot. Exp. 14:18-25, ECF No. 373. Similar to the present matter, the motion to compel in *Aevoe* "contained roughly 15 pages of argument" and included declarations and exhibits as well. *Aevoe Corp.*, Order Mot. Exp. 8:17-19, ECF No. 373. The reply in support of the motion to compel in Aevoe consisted of fourteen pages of argument, which again is similar to the reply in the current case. *Aevoe Corp.*, Order Mot. Exp. 9:24-25, ECF No. 373 ("[I]n determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing.")

Unlike the present case, where the facts demonstrate that Defendant fulfilled its meet-and-confer obligations and where there is no substantial justification for Plaintiff's objections, save one out of twenty-five, the Court in *Aevoe Corp*. reduced the movant's award by 68% because it failed to meet and confer on all issues prior to filing its motion to compel and the non-moving party offered substantial justification for some of the objections. *Id.*, Order Mot. Exp. 7:3-7, ECF No. 373. Here, in addition to the reality that Defendant met and conferred before filing the Motion to Compel and

there is no justification for Plaintiff's objections, except with regard to Request No. 45, the overwhelming majority (96%) of the Motion to Compel was granted.

The Court in *Aevoe Corp*. determined that ten hours represented a reasonable amount of time to prepare a motion for fees. *Id.*, Order Mot. Exp. 13:2-6, ECF No. 373. In the present matter, Defendant is requesting recovery of 9.7 hours ($2,425) to compose the instant Motion for Attorney's fees.

**IV.   CONCLUSION**

Based on the foregoing, Defendant's Motion for Attorney's Fees should be granted in full, and Defendant should be awarded $10,675 in fees for bringing the Motion to Compel and $2,425 in fees for preparing this Motion for Attorney's Fees for a total award of $13,100.

DATED: May 16, 2016

                                        Respectfully submitted,

                                        CLARK LAW COUNSEL PLLC

                                         /s/ Dustin L. Clark
                                        Dustin L. Clark
                                        Attorney for Defendant/Counter-Claimant
                                        Greater Las Vegas Association of REALTORS®

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(3), LR IC 4-1, and LR 5-1, I served the foregoing **DEFENDANT/COUNTER-CLAIMANT GREATER LAS VEGAS ASSOCIATION OF REALTORS' MOTION FOR ATTORNEY'S FEES** via CM/ECF filing on the following:

Robert P. Spretnak, Esq.
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 16, 2016

/s/ Dustin L. Clark
Dustin L. Clark