# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NEDRA WILSON, | ) |
|     Plaintiff(s), | ) Case No. 2:14-cv-00362-APG-NJK |
| vs. | ) ORDER |
| GREATER LAS VEGAS ASSOCIATION OF REALTORS, | ) |
|     Defendant(s). | ) (Docket No. 80) |

Pending before the Court is Defendant's motion for attorneys' fees. Docket No. 80.[1] Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 88, 91. The Court finds this matter properly resolved without oral argument. *See* LR 78-1. For the reasons discussed below, Defendant's motion for attorneys' fee is **DENIED**.

The pending motion for attorneys' fees arises out of Defendant's motion to compel, which the Court granted in part and denied in part. Docket No. 70 (motion to compel); Docket No. 78 (order). Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), Defendant now moves for sanctions in the amount of its reasonable attorneys' fees incurred in prosecuting its motion to compel and the instant motion.[2]  Docket No. 80 at 1.

//

---

[1] Defendant subsequently filed an amended motion correcting typographical errors. Docket No. 81.

[2] Unless otherwise stated, references to "Rules" refer to the Federal Rules of Civil Procedure.

Where a motion to compel is granted in part and denied in part, it is Rule 37(a)(5)(C), not Rule 37(a)(5)(A), that applies. *CPA Lead, LLC v. Adeptive ADS LLC*, 2016 WL 3176569, *2 (D. Nev. June 2, 2016). Rule 37(a)(5)(C) applies even if a party prevails on the "lion's share" of the motion. *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 409694, *7 (D. Nev. Feb. 2, 2016). "[T]he primary difference between these two rules is that one requires the payment of costs, where the other grants the court discretion in making such a determination." *Switch Comm. Grp. LLC v. Ballard*, 2011 WL 5041231, *1 (D. Nev. Oct. 24, 2011).

Rule 37(a)(5)(C) states that "[i]f the motion is granted in part and denied in part, the court may . . . apportion the reasonable expenses for the motion." Fed.R.Civ.P. 37(a)(5)(C). In exercising its discretion, the Court may consider the exceptions available under Federal Rule of Civil Procedure 37(a)(5)(A). *Limtiaco v. Auction Cars.Com, LLC*, 2012 WL 5179708, *1 (D. Nev. Oct. 17, 2012) (citing *Switch Comm. Grp. LLC*, 2011 WL 5041231 at *2). Under these exceptions, "an award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of fees unjust." *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, *1 (D. Nev. Sept. 20, 2013) (citing Fed.R.Civ.P. 37(a)(5)(A)(i-iii)). While the Court may consider these exceptions, the Court is not required to do so in declining to award sanctions under Rule 37(a)(5)(C). *CPA Lead, LLC*, 2016 WL 3176569 at *2 (finding that under "the liberal requirements" of Rule 37(a)(5)(C), the Court is "not required to make a finding that [a party's] opposition was 'substantially justified'").

Whether to award attorneys' fees is at the Court's discretion, and the Court finds that sanctions are inappropriate here. *Id*. The Court will not order sanctions "when it finds that a position was substantially justified in that the parties had a genuine dispute on matters on which reasonable could differ as to the appropriate outcome." *Roberts v. Clark County School District*, 312 F.R.D. 594, 609 (D. Nev. 2016). Further, "even if there is no substantial justification, sanctions should not be imposed if 'other circumstances' make such sanctions 'unjust.'" *Hyde & Drath v. Baker*, 24 F.3d 1162, 1172 (9th Cir. 1994). The burden of showing special circumstances is on the party subject to sanctions. *Id.* at 1171 (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983).

"[G]ood or bad faith may be a consideration in determining whether imposition of sanctions would be unjust." *Painter v. Atwood*, 2013 WL 4774762, *2 (D. Nev. Sept. 3, 2013) (citing *Hyde & Drath*, 24 F.3d at 1171). Here, there is no indication that Plaintiff's conduct was the result of bad faith. Plaintiff produced all responsive documents and refused to identify which documents corresponded to which requests based on her counsel's erroneous view of the law. *See* Docket No. 88 at 6. As in *Painter*, this dispute "appears to be an isolated incident" in Plaintiff's otherwise cooperative approach to discovery. *Painter*, 2013 WL 4774762 at *2.

Further, Plaintiff submits that sanctions would be unjust due to her financial circumstances. Docket No. 88 at 6. "Although financial indigence by itself does not necessarily make an award of expenses unjust, 'there are situations in which financial indigency may tilt against the imposition of Rule 37 sanctions.'" *Painter*, 2013 WL 4774762 at *3 (quoting *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984). One of those situations is where a fee request is unreasonable. *Id*.

Also as in *Painter*, Defendant's fee request is unreasonable. Defendant requests $13,100 in attorneys' fees, which reflect 52.4 hours spent prosecuting the underlying motions. Docket No. 80 at 7-8.[3] 52.4 hours spent prosecuting a motion to compel and requesting sanctions is clearly unreasonable. *Walker v. N. Las Vegas Police Dep't*, 2016 WL 3536172 at *3 (finding 47.7 hours spent prosecuting motion to compel and requesting sanctions to be clearly unreasonable); *see also Alutiiq Int'l Solutions, LLC v. Lyon*, 2012 WL 4182026, at *3-4 (D. Nev. Sept. 17, 2012) (finding 34 hours spent on motion to compel to be unreasonable); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding 30.6 hours spent on motion to compel to be unreasonable); *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 1337335, *3-4 (D. Nev. Apr. 5, 2016) (finding 47.9 hours spent on opposition to motion to compel to be unreasonable). The underlying discovery dispute turned principally on an unsupported privilege claim and a refusal to identify whether responsive documents were produced. Docket No. 78 at 2-6. Considering these issues, the motion did not "necessitate extensive legal research or work." *Painter*,

---

[3] Defendant requests fees for 42.7 hours and 9.7 hours spent on prosecuting the motion to compel and motion for attorneys' fees, respectively. Docket No. 80 at 7-8.

3

2013 WL 4774762 at *3.  Therefore, Defendant's requested fees are unreasonable.

In light of the isolated nature of Plaintiff's misconduct and the unreasonableness of Defendant's expenses coupled with Plaintiff's limited financial resources, the Court finds that an award of sanctions would be unjust.  Accordingly, pursuant to Rule 37(a)(5)(C), the Court **DENIES** Defendant's motion for attorneys' fees.

IT IS SO ORDERED.

Dated: July 28, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge